647 S.E.2d 811

**UNITED BANK, INC.; James Paul Estes; Joseph D. Stever; Bonnie M. Stever; Gary Lowther; Toni J. Poster; Dallas M. McNab; Jay S. Stevens, III; and Vickie Lynn Martin Stevens, Plaintiffs Below, Appellants,**

v.

**STONE GATE HOMEOWNERS ASSOCIATION, INC., et al., Defendants Below, Appellees.**

No. 33216.

Supreme Court of Appeals of West Virginia.

Submitted April 4, 2007.

Decided May 10, 2007.

Mark A. Sadd, G. Nicholas Casey, Jr., Lewis Glasser Casey & Rollins, PLLC, Charleston, for the Appellants, Joseph D. Stever and Bonnie M. Stever.

Ancil G. Ramey, Scott E. Johnson, Steptoe & Johnson, PLLC, Charleston, for the Appellee, Stone Gate Homeowners Association, Inc.

DAVIS, Chief Justice:

The appellants herein and plaintiffs below, Joseph D. Stever and Bonnie M. Stever [hereinafter "Mr. and Mrs. Stever"],[1] appeal from an order entered March 7, 2006, by the Circuit Court of Putnam County. By that order, the circuit court determined that, pursuant to W. Va.Code § 36B-3-116(f) (1986) (Repl. Vol. 2005), Mr. and Mrs. Stever were not entitled to recover their costs and attorney's fees from the appellee herein and defendant below, Stone Gate Homeowners Association, Inc. [hereinafter "the Association"]. On appeal to this Court, Mr. and Mrs. Stever assert that the circuit court erred in denying their request for costs and attorney's fees. Upon a review of the parties' arguments, the record submitted for appellate consideration, and the pertinent authorities, we find that Mr. and Mrs. Stever are entitled to recover their costs and attorney's fees in this matter. Accordingly, we reverse the decision of the Putnam County Circuit Court and remand this case for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying the instant appeal are largely undisputed by the parties. On May 4, 1999, Mr. and Mrs. Stever purchased a home in Stone Gate Subdivision from Raymond C. and Joanie S. Brainard. Unbeknowst to Mr. and Mrs. Stever, the Brainards were delinquent in their payment of a $1,500 buy-in fee to the Stone Gate Homeowners Association, Inc. As a result of the Association's repeated efforts to require Mr. and Mrs. Stever to pay this assessed fee, Mr. and Mrs. Stever[2] filed a declaratory judgment lawsuit against the Association, on November 26, 2003, to enjoin the enforcement of this assessment against them, alleging that they did not have knowledge of such assessment when they purchased their home; the Association's claims against Mr. and Mrs. Stever had not been adjudicated; their home's prior owners, against whom said fee had been assessed and by whom it had not been paid, were the parties actually responsible there-

---

1. The original proceedings below named several other parties plaintiff whose claims have all been resolved.

2. Other property owners in the Stone Gate Subdivision joined the lawsuit filed by Mr. and Mrs. Stever to challenge allegedly unlawful assessments the Association had made against them, as well. *See supra* note 1.

for; and the Association had attempted to enforce this assessment more than five years after it had accrued. Thereafter, the Association's Board of Directors, on November 30, 2004, filed notices of lien for said amount against both Mr. and Mrs. Stever and had both liens recorded in the Putnam County Clerk's office.

By order entered March 7, 2006, the circuit court determined that Mr. and Mrs. Stever could not challenge the Association's assessment of the delinquent fee because they had filed their claim beyond the one-year statute of limitations provided for by W. Va.Code § 55-2-12 (1959) (Repl. Vol. 2000);[3] however, the court also ruled that the Association could not enforce its liens against Mr. and Mrs. Stever because the three-year time period for such enforcement also had expired.[4] Despite the fact that they prevailed in their action against the Association, however, the circuit court denied Mr. and Mrs. Stever's request for costs and attorney's fees under W. Va.Code § 36B-3-116(f).[5] From this ruling, Mr. and Mrs. Stever appeal to this Court.

## II.

### STANDARD OF REVIEW

At issue in this case is the solitary question of the proper interpretation and application of the statutory cost- and fee-shifting language contained in W. Va.Code § 36B-3-116(f). When faced with a question of statutory interpretation, we apply a plenary review. In other words, "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to de novo review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995). *Accord* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). Mindful of this standard, we proceed to consider the parties' arguments.

## III.

### DISCUSSION

On appeal to this Court, Mr. and Mrs. Stever assign error to the circuit court's ruling denying their request for costs and attorney's fees pursuant to W. Va.Code § 36B-3-116(f) (1986) (Repl. Vol. 2005). Mr. and Mrs. Stever claim that this provision allows a prevailing party to recover his/her costs or attorney's fees in any action brought under W. Va.Code § 36B-3-116(f) because the fee shifting provision refers to "any action" brought thereunder. By contrast, the Association contends that an award of costs and attorney's fees is available to a prevailing party in accordance with W. Va.Code § 36B-3-116(f) only when the party has prevailed in a suit to recover assessments initiated by a homeowner's association pursuant to W. Va. Code § 36B-3-116.

In its March 7, 2006, order denying costs and attorney's fees to Mr. and Mrs. Stever, the circuit court observed that

[t]he Plaintiffs [Mr. and Mrs. Stever] argue that pursuant to West Virginia Code § 36B-3-116(f), they are entitled to attorney's fees. West Virginia Code § 36B-3-116(f) provides that "[a] judgment or decree in any action **brought under this section** must include costs and reasonable

---

3. W. Va.Code § 55-2-12 (1959) (Repl. Vol. 2000) provides, in pertinent part, that

[e]very personal action for which no limitation is otherwise prescribed shall be brought ... (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

4. Pursuant to W. Va.Code § 36B-3-116(d) (1986) (Repl. Vol. 2005), "[a] lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within three years after the full amount of the assessments becomes due."

5. *See* Section III, *infra*, for the court's reasoning in this regard.

attorney's fees for the prevailing party." (Emphasis added). Therefore, the Plaintiffs argue that if the Court grants their motion for summary judgment, they are entitled to attorney's fees.

The Court disagrees. The Court finds that West Virginia Code § 36B–3–116 provides the homeowners association a method by which it may recover assessments or fees incurred pursuant to West Virginia Code § 36B–3–102. In furtherance of this purpose, West Virginia Code § 36B–3–116(f) simply states that if a homeowner's association attempts to collect such assessment or fee in accordance with this section, the prevailing party is entitled to attorney's fees.

In the present matter, the Court finds that the Association did not attempt to avail itself of West Virginia Code § 36B–3–116. Therefore, the Court finds that the Plaintiffs are not entitled to recover attorney's fees.

To this ruling of the circuit court, we apply a plenary review. *See* Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia,* 195 W.Va. 573, 466 S.E.2d 424.

Our resolution of the case *sub judice* turns upon our interpretation and application of a portion of the West Virginia Uniform Common Interest Ownership Act, W. Va.Code § 36B–1–101, *et seq.* [hereinafter the "Act" or "UCIOA"]. Specifically, we must determine who is entitled to recover costs and attorney's fees pursuant to W. Va.Code § 36B–3–116(f). This section directs that "[a] judgment or decree in any action brought under this section must include costs and reasonable attorney's fees for the prevailing party." W. Va.Code § 36B–3–116(f) (1986) (Repl. Vol. 2005). The more general section to which this provision refers, W. Va.Code § 36B–3–116, is entitled "[l]ien for assessments" and grants to an "association . . . a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due," W. Va.Code § 36B–3–116(a) (1986) (Repl. Vol. 2005), and describes

the nature of the lien, defines its priority status, and addresses other like matters.

 When resolving an issue involving statutory law, we first consider the intent of the Legislature in drafting said provision. "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975). We next look to the specific language used in the statute. *State ex rel. McGraw v. Combs Servs.,* 206 W.Va. 512, 518, 526 S.E.2d 34, 40 (1999). "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951). *Accord DeVane v. Kennedy,* 205 W.Va. 519, 529, 519 S.E.2d 622, 632 (1999) ("Where the language of a statutory provision is plain, its terms should be applied as written and not construed." (citations omitted)). However, statutory language that is ambiguous must be construed before it can be applied. *See* Syl. pt. 1, *Farley v. Buckalew,* 186 W.Va. 693, 414 S.E.2d 454 (1992) ("A statute that is ambiguous must be construed before it can be applied."); Syl. pt. 1, *Ohio County Comm'n v. Manchin,* 171 W.Va. 552, 301 S.E.2d 183 (1983) ("Judicial interpretation of a statute is warranted only if the statute is ambiguous and the initial step in such interpretive inquiry is to ascertain the legislative intent.").

 Additionally, we accord words used in a legislative enactment their common, ordinary meaning. "In the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used." Syl. pt. 1, *Miners in Gen. Group v. Hix,* 123 W.Va. 637, 17 S.E.2d 810 (1941), *overruled on other grounds by Lee–Norse Co. v. Rutledge,* 170 W.Va. 162, 291 S.E.2d 477 (1982). The statutory language at issue in the case *sub judice* uses the word "must" with respect to the inclusion of an award of costs and reasonable attorney's fees in a judgment or decree.

*See* W. Va.Code § 36B–3–116(f). "Typically, the word 'must' is afforded a mandatory connotation." *Ashby v. City of Fairmont,* 216 W.Va. 527, 532, 607 S.E.2d 856, 861 (2004). *Accord Alden v. Harpers Ferry Police Civil Serv. Comm'n,* 209 W.Va. 83, 87, 543 S.E.2d 364, 368 (2001). Thus, when a statute contains a directory term such as "must", we construe that word as requiring the specified action to be taken. *See, e.g., State v. Allen,* 208 W.Va. 144, 153, 539 S.E.2d 87, 96 (1999) ("Generally, 'shall' commands a mandatory connotation and denotes that the described behavior is directory, rather than discretionary." (citations omitted)).

■ The source of contention between the parties is not, however, whether W. Va. Code § 36B–3–116(f) requires the payment of costs and reasonable attorney's fees to the prevailing party. Both Mr. and Mrs. Stever and the Association generally agree that the plain language of this provision renders such an award mandatory. Instead, the source of the parties' disagreement is precisely who is entitled to recover such an award. Specifically, the issue we are asked to resolve is whether *any* prevailing party may recover costs and reasonable attorney's fees in accordance with W. Va.Code § 36B–3–116(f), as urged by Mr. and Mrs. Stever, or whether such an award is available *only* to a party who prevails in an action initiated by an association to enforce an assessment for "fees, charges, late charges, fines and interest" as contemplated by W. Va.Code § 36B–3–116(a).

The language of W. Va.Code § 36B–3–116(f) (1986) (Repl. Vol. 2005) succinctly states that "[a] judgment or decree in any action brought under this section must include costs and reasonable attorney's fees for the prevailing party." Despite the parties' conflicting positions, we find that this provision plainly and unambiguously grants to a prevailing party his/her costs and reasonable attorney's fees regardless of how or by whom the referenced action under W. Va.Code § 36B–3–116 was brought. This reading of the statute is supported both by the specific wording thereof and the more general purpose of the UCIOA.

■ First, the precise language of W. Va. Code § 36B–3–116(f), itself, references "*any* action brought under this section." (Emphasis added). In common parlance, the adjective "any" refers to " 'all.' " *Tracy v. Cottrell ex rel. Cottrell,* 206 W.Va. 363, 379, 524 S.E.2d 879, 895 (1999) (quoting *Harward v. Virginia,* 229 Va. 363, 366, 330 S.E.2d 89, 91 (1985)). *Accord Sussex Cmty. Servs. Ass'n v. Virginia Soc'y for Mentally Retarded Children, Inc.,* 251 Va. 240, 243, 467 S.E.2d 468, 469 (1996) ("The word 'any' . . . is generally considered to apply without limitation."); *Cox v. Cox,* 16 Va.App. 146, 148, 428 S.E.2d 515, 516 (1993) ("The plain and unambiguous meaning of the word 'any' is one or more indiscriminately from all those of a kind." (internal quotations and citation omitted)). The statutory language at issue does not make a distinction between actions initiated by an association to enforce an assessment and those initiated by a homeowner, as is the case herein, to challenge the propriety of an association's assessment. Thus, it is apparent that the plain language of W. Va.Code § 36B–3–116(f) provides an award of costs and reasonable attorney's fees to *all* parties who prevail in an action brought under W. Va.Code § 36B–3–116, whether the action is initiated by the association or by the homeowner.

Moreover, W. Va.Code § 36B–1–113(a) (1986) (Repl. Vol. 2005) directs that "[t]he remedies provided by this chapter shall be liberally administered to the end that the aggrieved party is put in as good a position as if the other party had fully performed . . . ." To maintain consistency with this provision, then, W. Va.Code § 36B–3–116(f) must be construed as providing costs and reasonable attorney's fees to the prevailing party regardless of the identity of the party or the type of action brought under W. Va.Code § 36B–3–116. Any other construction of the fee-shifting provision of § 36B–3–116(f) would produce a result demonstrably at odds with the purpose enunciated in § 36B–1–113(a), an outcome which we take great pains to avoid. *See* Syl. pt. 2, *Newhart*

*v. Pennybacker*, 120 W.Va. 774, 200 S.E. 350 (1938) ("Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made."); *Coal & Coke Ry. Co. v. Conley*, 67 W.Va. 129, 178, 67 S.E. 613, 634 (1910) ("It is the duty of a court so to construe a statute as to avoid absurd and inconsistent results, if possible.").

Therefore, we hold that the plain language of W. Va.Code § 36B–3–116(f) (1986) (Repl. Vol. 2005) requires a judgment or decree in any action brought under W. Va.Code § 36B–3–116 to include an award of costs and reasonable attorney's fees for the prevailing party.[6] Applying this holding to the facts of the case *sub judice*, we find that the circuit court erred by denying Mr. and Mrs. Stever an award of their costs and reasonable attorney's fees when they prevailed in their action against the Association. Accordingly, we reverse the ruling of the Circuit Court of Putnam County denying Mr. and Mrs. Stever their costs and reasonable attorney's fees, and we remand this case for the entry of such an award.

## IV.

## CONCLUSION

For the foregoing reasons, the March 7, 2006, decision of the Circuit Court of Putnam County is hereby reversed. This case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

---

**6.** Not only is the instant matter of attorney's fees under the Uniform Common Interest Ownership Act an issue of first impression for this Court, but very few other jurisdictions have interpreted the statutory language at issue in the case *sub judice*. The decision we have reached herein is consistent with the Colorado Court of Appeals, which has considered substantially similar statutory language. *See, e.g., Giguere v. SJS Family Enters., Ltd.*, 155 P.3d 462 (Colo.Ct.App.2006) (applying Colo.Rev.Stat. Ann. § 38–33.3–123(1)(c), which requires award of costs and reasonable attorney's fees to prevailing party "[i]n any civil action to enforce or defend the provisions of this article," *i.e.*, Colorado Common Interest Ownership Act, to grant costs and attorney's fees to prevailing condominium owners in action against developer to foreclose further development of adjacent property), *cert. denied*, No. 06SC721, 2007 WL 1113741 (Colo. Apr. 16, 2007); *Hallmark Bldg. Co. v. Westland Meadows Owners Ass'n, Inc.*, 983 P.2d 170 (Colo.Ct.App. 1999) (awarding costs and attorney's fees to prevailing lot owner under Colo.Rev.Stat. Ann. § 38–33.3–123(1)(c) in action challenging propriety of lien and back assessments by owners association against lot owner). *Cf. Linden Condo. Ass'n, Inc. v. McKenna*, 247 Conn. 575, 726 A.2d 502 (1999) (barring prevailing condominium association from recovering additional costs and attorney's fees in action against unit owner to recover unpaid charges based upon collateral estoppel resulting from association's prior suit against unit owner to obtain deficiency judgment; recognizing, however, that Conn. Gen. Stat. § 47–258 requires an award of "costs and reasonable attorney's fees for the prevailing party" and that association, as prevailing party in earlier action, had properly been awarded costs and attorney's fees); *Mountain View Condo. Ass'n of Vernon, Connecticut, Inc. v. Rumford Assocs., IV*, No. CV 9455693S, 1997 WL 120254 (Conn.Super.Ct. Mar. 4, 1997) (mem. decision) (upholding award of attorney's fees to prevailing condominium association in action to foreclose statutory lien for delinquent common expense assessments). *But see Bella Vista Condo. Ass'n v. Byars*, No. CV03180606, 2005 WL 3292533, *2 (Conn.Super.Ct. Nov. 8, 2005) (stating, in parenthetical explanation to statutory citation, that Conn. Gen.Stat. §§ 47–258(a, g) "grant[ ] a statutory lien on individual units to secure the collection of assessments and further provid[e] for the recovery of costs and attorney fees incurred by the common interest community in enforcing its lien" (internal quotations and citation omitted)). The wording of the UCIOA provision that is comparable to W. Va.Code § 36B–3–116(f) is not uniform, however, insofar as at least one jurisdiction has made an award of costs and attorney's fees to a prevailing party discretionary, rather than mandatory. *See, e.g., Parr v. Fearing*, No. A04–1191, 2005 WL 626193 (Minn.Ct.App. Mar. 15, 2005) (interpreting provision of Minnesota Common Interest Ownership Act, Minn.Stat. § 515B.4–116(b), which makes award of costs and reasonable attorney's fees to prevailing party discretionary), *cert. denied*, 546 U.S. 961, 126 S.Ct. 486, 163 L.Ed.2d 364 (2005); *Schmitt v. Webb*, Nos. C7–04–3664, C1–03–13001, C3–03–13002, 2004 WL 3168081 (Minn.Dist.Ct. Sept. 20, 2004) (same).